UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

WILLIAM WEILAND,

                    Petitioner,

          v.

UNITED STATES OF AMERICA,

                    Respondent.

NO. CR-03-0070-EFS
NO. CV-07-0120-EFS

**ORDER DENYING PETITIONER'S
MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE**

     Before the Court, without oral argument, is *pro se* Petitioner
William Weiland's Motion to Vacate, Set Aside, or Correct Sentence.
(Ct. Rec. 100.)  After reviewing the submitted material, the Court is
fully informed and denies Petitioner's motion.  The reasons for the
Court's Order are set forth below.

                         **I. Background**

     In February 2003, law enforcement officers lawfully searched
Petitioner's property, seizing two rifles, ammunition, a small marijuana
grow operation, and computer files containing child pornography.  The
Government charged Petitioner with felon in possession of a firearm and

ORDER * 1

ammunition, in violation of 18 U.S.C. § 922(g) (2001). The case went to trial, and on November 14, 2003, and the jury found Petitioner guilty.

Because Petitioner's prior convictions included escape, first degree theft, and four second degree burglary convictions, Petitioner was considered a career criminal under 18 U.S.C. § 924(e). Accordingly, the Court sentenced Petitioner to 188 months imprisonment, eight months over the statutory minimum, and five years supervised release. The Ninth Circuit affirmed Petitioner's conviction on August 24, 2005.

## II. Discussion

### 1. Legal Standard – 28 U.S.C. § 2255

Under section 2255, a court must vacate and set aside a judgment and discharge the prisoner, or resentence the prisoner, or grant a new trial, or correct the sentence, if the court finds any one of the following: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255.

A district court must grant a hearing to determine the validity of a petition brought under section 2255 "unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations omitted). To earn the right

ORDER * 2

to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id*. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). The choice of method for handling a section 2255 motion is left to the discretion of the district court. *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (citations omitted).

## 2. Restoration of Civil Rights By Oklahoma Law

Petitioner asserts he was wrongly charged under 18 U.S.C. § 922(g)(1) because his civil rights to possess firearms were fully restored by order of law after serving his sentence for four Oklahoma felony burglary convictions. (Ct. Rec. 100-3 at 3.) The Government answers that, under federal law, if Petitioner has not had his firearm rights fully restored, then Petitioner is prohibited from possessing any type of firearm. (Ct. Rec. 107 at 5.)

Section 922(g) states that it is "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting interstate commerce, any firearm." 18 U.S.C. § 922(g). But "a person [who] has . . . had [their] civil rights restored[] shall not be considered [] convict[ed] for the purposes of this chapter . . . unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *Id.* § 921(a)(20).

To determine whether petitioner's civil rights are restored, this Court should look to the whole of state law. *See United States v. Gomez*, 911 F.2d 219, 220 (9th Cir. 1990). Petitioner's four burglary

ORDER * 3

convictions occurred in Oklahoma, so Oklahoma law is appropriate. Oklahoma law prohibits state or federal felons from possessing "any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm that could easily be concealed on the person." OKLA. STAT. tit. 21 § 1283(A) (2007). "Rifle," as defined in this section, includes only rifles that have been shortened to any length. OKLA. STAT. tit. 21 § 1283(G) (2007).

At issue here is whether § 921(a)(20)'s "unless clause" prevented Petitioner from regaining his civil rights to possess a firearm. As the Supreme Court indicated in *Caron v. United States*, "the unless clause is activated if a restoration of civil rights 'expressly provides that the person may not . . . possess . . . firearms.'" 524 U.S. 308, 314 (1998). In *Caron*, the petitioner appealed a conviction under 18 U.S.C. § 921(g)(1) for four counts of possessing a firearm or ammunition after having been convicted of a serious offense. *Id.* at 311. Petitioner argued he could lawfully possess a rifle because Massachusetts state law allowed felons to possess rifles or shotguns but not handguns. *Id.* (citing MASS. GEN. LAWS. §§ 140:123, 140:129B, 140:129C (1996)). The Supreme Court disagreed, finding such a reading would be "inconsistent with any conceivable federal policy" and "impair the workings of the federal statute." *Id.* at 315. The Supreme Court concluded the Federal Government has an interest in a single, national, and broad protective policy regarding possession of weapons and petitioner's reading of section 921(a)(2) undermines this approach. *Id.* at. 316.

Here, Petitioner's arguments are analogous to the petitioner in *Caron*. He seeks to overturn his conviction because Oklahoma law does not prohibit felons from possessing ordinary rifles. For the same reasons

ORDER * 4

the Supreme Court cited in *Caron*, Petitioner's arguments must fail because allowing a felon to possess some firearms but not others creates incongruities with congressional policy.  524 U.S. at 315.

In his reply, Petitioner argues *Caron* is inapplicable because the Government cited the 2007 version of OKLA. STAT. tit. 21 § 1283(A), which contains different language than its 1979 predecessor.  In 1979, Section 1283 read as follows:

> It shall be unlawful for any person having previously been convicted of any felony in any court of a state or the United States **to carry** on his person, or in any vehicle which he is operating, or in which he is riding as a passenger, any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm which could be as easily concealed on the person, in personal effects or in an automobile, as a sawed-off shotgun.

OKLA. STAT. tit. 21 § 1283(A) (1979) (emphasis added).  Petitioner asserts that the old statutory language "to carry" does not trigger the unless clause because the old statutory language only prevented him from carrying firearms, not possessing them.  As Petitioner correctly states, the rifles law enforcement officers seized were located in the laundry room and an outbuilding, not on Petitioner's person.  To be sure, section 1283's 1979 statutory language differs from section 1283's 2007 statutory language.  But the difference in statutory language is inconsequential when considering the Supreme Court's purpose in *Caron.*

The Supreme Court in *Caron* was concerned with the incongruous results when state laws permitted felons to possess certain firearms but not others.  524 U.S. at 315.  The 1979 version of Section 1283 is no different than the 2007 version of Section 1283 or the Massachusetts law in *Caron* - each statute in some form, whether it be carrying or

ORDER * 5

possessing, restricts a felon's ability to handle or hold certain firearms but not others. The Supreme Court concluded such selectivity contravenes the Federal Government's broad restrictions on possessing weapons. *Id.* at 316. Based on *Caron's* analysis, Petitioner's civil rights were not fully restored by order of Oklahoma law.

**3. Restoration of Civil Rights By Order of the Oklahoma Pardon and Parole Board**

Petitioner also asserts that the Oklahoma State Board of Pardons and Paroles provided him with a notice that his civil rights were restored. (Ct. Rec. 100-3 at 3.) The Government responds that Oklahoma statutes, not certificates or orders, restore prisoners' civil rights. (Ct. Rec. 107 at 7.)

When a felon's civil rights are restored by a certificate or other written document, any express reservations, such as prohibiting the felon from possessing firearms, must be contained in the document itself. *United States v. Gallaher*, 275 F.3d 784, 792 (9th Cir. 2001). But Oklahoma is a state that automatically restores a prisoner's civil rights upon sentence completion. *United States v. Sanders*, 18 F.3d 1488, 1490 (10th Cir. 1994).

Here, the record indicates that the Oklahoma State Board of Pardons and Paroles sent one document to Petitioner - his Certification of Parole. The Certificate of Parole acknowledges Petitioner's parole and sets forth the rules and conditions of parole. Nowhere does the document indicate Petitioner's civil rights were restored. Petitioner's arguments must fail because he cannot cite to official documentation stating his civil rights were restored.

ORDER * 6

**4. Sixth Amendment Violation Due to Sentencing Enhancement**

Petitioner argues that sentencing enhancements based upon prior convictions violate the Sixth Amendment's jury trial requirement. (Ct. Rec. 100-3 at 9.)  The Government responds that enhancing a defendant's sentence on account of his prior convictions does not violate the Sixth Amendment.  (Ct. Rec. 107 at 7.)

Here, Petitioner appealed this issue to the Ninth Circuit.  In *United States v. Weiland*, the Ninth Circuit held that "a district court may enhance a sentence on the basis of prior convictions, even if the facts of those convictions was not found by a jury beyond a reasonable doubt."  420 F.3d 1062 (9th Cir. 2005) (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)).  Because *Almendarez-Torres* remains good law, Petitioner's arguments are without merit.

**5. Fifth and Sixth Amendment Violation Due to Sentencing Guidelines**

Petitioner asserts that application of U.S. SENTENCING GUIDELINES MANUAL § 4B1.4 violated his Fifth and Sixth Amendment rights. (Ct. Rec. 100 at 2.)  The Government responds that the Court properly used § 4B1.4 when it sentenced Petitioner.  (Ct. Rec. 107 at 8.)

Although district courts are not required to sentence within an applicable Guideline range now that the Sentencing Guidelines are advisory, courts nevertheless "must consult [the] Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005).

Here, the Court sentenced Petitioner to 188 months imprisonment pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e).  This sentence was within the applicable Guideline range and only eight months over the statutory minimum.  The Ninth Circuit has held that neither

ORDER * 7

*Blakely* nor *Booker* have any impact on the imposition of a mandatory minimum sentence. *United States v. Decoud*, 456 F.3d 996, 1021 (9th Cir. 2006). As directed by *Booker*, the Court properly consulted the Guidelines when it sentenced Petitioner. This consultation neither offended nor implicated Petitioner's Fifth and Sixth Amendment rights.

**6. Ineffective Assistance of Counsel**

Petitioner asserts his counsel failed to fully explore and challenge his Oklahoma convictions. Specifically, Petitioner claims that investigation would have found that his civil rights were fully restored, precluding him from prosecution due to Section 921(a)(20)'s provisions. (Ct. Rec. 100-3 at 2.) The Government contends that Petitioner received competent advise and vigorous representation throughout pre-trial, trial, and post-trial phases. (Ct. Rec. 107 at 8.)

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, to prove that counsel acted ineffectively, a petitioner must meet a two-prong test. First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Id*. at 687. A court's review of counsel's performance should be "highly deferential" because there is a "strong presumption" that counsel rendered adequate assistance and exercised reasonable professional judgment. *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986). Second, a petitioner must also show that his counsel's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. "The [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

ORDER * 8

probability sufficient to undermine confidence in the outcome." *Id.* at 693-94.  The court need not address both the performance prong and the prejudice prong if the petitioner fails to make a sufficient showing of either.  *Id.* at 700.

Here, Petitioner cannot demonstrate that his counsel's performance fell below an objective standard of reasonableness.  This is because the failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.  *Shah*, 878 F.2d at 1162.  And in light of the Supreme Court's decision in *Caron*, it would have been fruitless for Petitioner's counsel to argue Petitioner's civil rights were fully restored after four Oklahoma felony burglary convictions.  Accordingly, Petitioner's counsel's failure to challenge his Oklahoma convictions did not constitute ineffective assistance of counsel.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence **(Ct. Rec. 100)** is **DENIED**;

2. Petitioner's Motion for Discovery and Subpoena Powers **(Ct. Rec. 103)** is **DENIED** as moot;

3. Petitioner's Motion for Appointment of Counsel in Motion Under 28 U.S.C. § 2255 **(Ct. Rec. 104)** is **DENIED** as moot;

4. The criminal file and its civil companion case shall be closed.

\\

\\

\\

\\

ORDER * 9

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to Respondent's counsel and Petitioner.

        **DATED** this     16th     day of October, 2007.


                          S/ Edward F. Shea
                            EDWARD F. SHEA
                    United States District Judge

Q:\Criminal\2003\70.2255.wpd

ORDER * 10