UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>    v.<br><br>WILLIAM WEILAND,<br><br>    Defendant/Petitioner. | CASE NO. 2:03-CR-0070-EFS<br>          2:14-CV-0263-EFS<br><br>**ORDER DENYING DEFENDANT'S SECOND MOTION UNDER 28 U.S.C. § 2255 TO VACATE SENTENCE AND GRANTING COUNSEL'S MOTION TO WITHDRAW** |

    Before the Court, without oral argument, is Defendant/Petitioner William Weiland's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 150. On November 14, 2003, a jury found Mr. Weiland guilty of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 61. The Court sentenced Mr. Weiland on February 5, 2004, to 188 months in prison and a five-year term of supervised release. ECF No. 75. Mr. Weiland then appealed his judgment and sentence to the Ninth Circuit Court of Appeals, ECF No. 76, which upheld the conviction and sentence on August 24, 2005. ECF No. 94. Mr. Weiland subsequently filed a petition for certiorari in the United States Supreme Court, which was denied on May 1, 2006. *Weiland v. United States*, 126 S. Ct. 1911 (2006).

    Mr. Weiland filed his first motion pursuant to 28 U.S.C. § 2255 on April 23, 2007, ECF No. 100. That motion was denied by this Court

ORDER - 1

on October 16, 2007.  ECF No. 113.  On December 27, 2007, this Court denied Mr. Weiland's Motion for Certificate of Appealability and granted in part his Motion to Correct Factual Errors.  ECF No. 124. An Amended Order Denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence was entered on January 4, 2008, with changes to the factual section only.  ECF No. 129.  On March 28, 2008, after reviewing supplemental briefing, this Court declined to alter its prior rulings.  ECF No. 137.

On October 2, 2013, Mr. Weiland filed a Motion for Permission to Submit a Second or Successive 28 U.S.C. § 2255 Motion with the Ninth Circuit.  *Weiland v. United States*, No. 13-73449, Docket Entry 1 (9th Cir. 2013).  On November 25, 2013, the Ninth Circuit denied Mr. Weiland's application to file a second or successive § 2255 motion, finding he had not made a prima facie showing under 28 U.S.C. § 2255(h).  *See* ECF No. 143.

Next, on February 6, 2014, Mr. Weiland filed a Motion for Relief from [sic] Pursuant to FRCP 60(b)(6) with this Court.  ECF No. 144. The Court found that his motion improperly sought to use Federal Rule of Civil Procedure 60(b)(6) to attempt to re-litigate his first § 2255 motion and that the relief he sought must be through a second or successive 2255 motion.  ECF No. 146.

Mr. Weiland was appointed counsel on July 30, 2014, ECF No. 148. He filed an application for leave to file a second or successive § 2255 petition with the Ninth Circuit on August 4, 2014.  *Weiland v. United States*, No. 14-72374, Docket Entry 1 (9th Cir. 2014), and filed the instant § 2255 motion with this Court on August 8, 2014.  ECF No.

ORDER - 2

150. The Ninth Circuit held Mr. Weiland's application in abeyance pending its resolution of *Ezell v. United States*, 778 F.3d 762 (9th Cir. 2015), ECF No. 155, and this Court held Mr. Weiland's § 2255 motion in abeyance pending the Ninth Circuit's ruling on his application. ECF No. 155.

On June 25, 2015, the Ninth Circuit denied Mr. Weiland's application for authorization to file a second or successive 28 U.S.C. § 2255 motion, finding that he had not made a prima facie showing under 28 U.S.C. § 2255(h) of either newly discovered evidence or a new rule of constitutional law made retroactive. *Weiland v. United States*, No. 14-72374 (9th Cir. June 25, 2015), ECF No. 156-1. The Ninth Circuit cited *Ezell*, which held that *Descamps v. United States*, 133 S. Ct. 2276 (2013), did not announce a new rule of constitutional law. *Ezell*, 778 F.3d at 766–67.

Because Mr. Weiland must obtain certification from the Ninth Circuit for this Court to consider his successive § 2255 motion, *see* 28 U.S.C. § 2255(h); Rule 9, 28 U.S.C. foll. § 2255, and the Ninth Circuit has denied his application for certification, the Court is not permitted to consider his Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 150. For this reason and the other reasons set forth in his Status Report, ECF No. 156, counsel's motion to withdraw is granted.

Accordingly, **IT IS HEREBY ORDERED:**

1. Mr. Weiland's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, **ECF No. 150**, is **DENIED**.

2. Mr. Campbell's motion to withdraw as counsel, **ECF No. 156**, is **GRANTED**.

3. The Clerk's Office is directed to **CLOSE** this file and the related civil file, 4:14-CV-0263-EFS.

4. The Court **DECLINES** to issue a certificate of appealability because Mr. Weiland has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**DATED** this ___15th___ day of July 2015.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\EFS\Criminal\2003\0070.deny.2d2255.lc2.docx

ORDER - 4