UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>         v.<br><br>WILLIAM WEILAND,<br><br>    Defendant/Petitioner. | NO. CR-03-70-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE AND FOR IMMEDIATE RELEASE** |

Defendant William Weiland seeks to vacate his sentence based on the rules articulated by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2251 (2015). ECF No. 163. Mr. Weiland asks the Court to find that his prior convictions can no longer form the basis for an Armed Career Criminal sentencing enhancement and to vacate his sentence. On March 15, 2016, the Court held a hearing on Defendant's Motion to Vacate Sentence and for Immediate Release pursuant to 28 U.S.C. § 2255. ECF Nos. 170-171. Russell Smoot appeared for the U.S. Attorney's Office (hereinafter, "the government"). Defense counsel Alison Guernsey represented Defendant, who was not present.[1] After

---

[1] "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255(c).

ORDER - 1

reviewing the record and hearing from counsel, the Court denies Mr. Weiland's habeas motion for the reasons set forth below.

In 2003, Mr. Weiland was found guilty of possessing a firearm while being a convicted felon under 18 U.S.C. § 922(g)(1), subjecting Defendant to a statutory maximum sentence of not more than 10 years imprisonment. ECF Nos. 98 & 99; 18 U.S.C. § 924(a)(2). At his sentencing, however, the Court determined Mr. Weiland qualified as an Armed Career Criminal under 18 U.S.C. § 924(e) because he had four prior convictions for Second Degree Burglary in Oklahoma, which qualified as violent felonies under the modified categorical approach. ECF Nos. 89 & 99. As a result, he was subject to a mandatory minimum sentence of fifteen years and a maximum sentence of life in prison. The Court sentenced Mr. Weiland to 188 months. ECF No. 98.

On August 24, 2005, the Ninth Circuit Court of Appeals affirmed Mr. Weiland's judgment and sentence. *See U.S. v. Weiland*, 420 F.3d 1062 (9th Cir. 2005). Specifically, the Ninth Circuit rejected Defendant Weiland's argument that the four "Oklahoma Second Degree Burglary convictions should not have been used to enhance his sentence under the Armed Career Criminal Act because the government did not establish that he was convicted of four crimes that included the elements of generic burglary." *Weiland*, 420 F.3d at 1079 (9th Cir. 2005). Instead, "applying the modified categorical approach," the Ninth Circuit again "approved the use of these exact Oklahoma documents under the modified categorical approach." *Id.* The Ninth Circuit affirmed Mr. Weiland's 188-month sentence.

ORDER - 2

Ten years after the Ninth Circuit affirmed Mr. Weiland's conviction and sentence, the Supreme Court decided *Johnson v. United States*:

> hold[ing] that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in *James* and *Sykes* are overruled. Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.

135 S. Ct. 2551, 2563 (2015). The Supreme Court found the residual clause unconstitutional because it "denies fair notice to defendants" and "due process of law." *Id.* at 2557. In light of *Johnson,* Mr. Weiland brings this motion pursuant to 28 U.S.C. § 2255. He contends that he is serving an illegal sentence because he has already served more than the ten-year statutory maximum he would have been subject to had this Court not found him to be an armed career criminal under ACCA's residual clause.

The Court finds, however, that *Johnson* is inapplicable to Mr. Weiland's case. *Johnson* specifically found ACCA's residual clause to be unconstitutional but explicitly stated that "the remainder of the Act's definition of a violent felony," remains unchanged. *Id. See also, Welch v. United States*, 578 U.S. __ (2016) (stating that convictions under ACCA's other clauses are unaffected by *Johnson*). In Mr. Weiland's case, all of his ACCA predicate offenses were found under the modified categorical approach and not under the residual clause. Therefore, *Johnson* cannot provide him the relief he seeks.

//

/

ORDER - 3

1   Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion to Vacate
2   Sentence and for Immediate Release, **ECF No. 163**, is **DENIED**.

3   **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this
4   Order and provide copies to all counsel and the U.S. Probation Office.

5   **DATED** this  19th   day of April 2016.

                                s/Edward F. Shea_____
                                     EDWARD F. SHEA
                            Senior United States District Judge

Q:\EFS\Criminal\2003\0070.deny.habeas.petition.lc2.docx

ORDER - 4